# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

FELIPE MARTINEZ,

    Defendant.

Case Nos. 2:04-CR-00286-KJD-GWF
2:05-CV-01527-KJD-GWF

**ORDER**

    Presently, the Court has before it the Government's Motion to Dismiss Defendant's "Notice to Vacate, Set Aside or to Modify a Sentence" (#60). More than fifteen days have passed and Defendant has yet to file an opposition. Failure to oppose a motion constitutes consent to the granting of the motion. See LR 7-2(d); LCR 47-9. Moreover, good cause exists for dismissing Defendant's § 2255 motion. A district court should not entertain a habeas corpus petition while there is a direct appeal pending. See Feldman v. Henman, 815 F.2d 1318, 1320 (9th Cir. 1987); see also Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1987) (stating that "no defendant in a federal criminal prosecution is entitled to have a direct appeal and a section 2255 proceeding considered simultaneously in an effort to overturn the conviction and sentence.") "The reason for this rule is that 'disposition of the appeal may render the [habeas corpus writ] unnecessary.'" Feldman, 815 F.2d at 1320. Here, Defendant's direct appeal is still pending. Accordingly, the Court must refrain

from hearing Defendant's § 2255 motion. See United States v. LaFromboise, 427 F.3d 680, 686 (9th Cir. 2005) (recognizing but not resolving whether dismissal in this situation is based on a lack of jurisdiction or simply a prudential concern).

   Accordingly, IT IS HEREBY ORDERED that Government's Motion to Dismiss Defendant's "Notice to Vacate, Set Aside or to Modify a Sentence" (#60) is **GRANTED**.

   IT IS FURTHER ORDERED that Defendant's Motion to Vacate, Set Aside or To Modify and Correct Sentence by a Person in Federal Custody, under Title 28 U.S.C. § 2255 (#55) is **DISMISSED WITHOUT PREJUDICE**.

   DATED this 2nd day of May 2006.

_____
Kent J. Dawson
United States District Judge